IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BAYVIEW LOAN SERVICING, LLC, a
Delaware Limited Liability
Company, as Servicer for WACHOVIA
BANK N.A., as Trustee, Successor
by Merger to FIRST UNION NATIONAL
BANK, as Indenture Trustee,

        Plaintiff

        v.

JUAN FRANCISCO COSTE DÍAZ, LUISA
MERCEDES ROSARIO ABREU, and the
Conjugal Partnership constituted
therein,

        Defendants

CIVIL NO. 05-2158 (JP)

## JUDGMENT BY DEFAULT

The Court has before it Plaintiff's motion for default judgment (**No. 9**). The motion is **GRANTED.** Upon Plaintiff's motion for judgment, and it appearing from the records of the above-entitled cause that default was entered by the Clerk of this Court against Defendants for their failure to plead or file an answer to the complaint, or otherwise appear in the above cause, Plaintiff is entitled to a judgment by default, and the Court being fully advised of the facts,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The mortgage constituted by Defendants by deed number 235, before Notary Public Gilberto Figueroa-Ríos, at San Juan, Puerto

CIVIL NO. 05-2158 (JP)          -2-

Rico, on July 13, 2001 securing a mortgage note payable to the order of Northstar Mortgage Corporation, further negotiated or endorsed to the order of Plaintiff, is a valid and subsisting mortgage and constitutes a lien prior to the estate or interest of Defendants in the above cause, on the mortgaged premises, as described in paragraph seventh of the complaint on file in the above cause, to wit:

> **---URBANA: Solar sito en el Barrio Monacillos de la Municipalidad de Río Piedras, antes, hoy San Juan, Puerto Rico, marcado con el Número TRECE GUIÓN A (13-A) de la Manzana "LN" de la URBANIZACIÓN CAPARRA TERRACE, con un área superficial de 237.50 metros cuadrados, el cual colinda por el NORTE, en 9.50 metros, con el Solar 6-B de la Manzana "LM"; por el SUR, en 9.50 metros, con la Calle #94 de la Urbanización; por el ESTE, en 25.00 metros, con el Solar #13-B de la Manzana "LM"; y por el OESTE, en 25.00 metros, con el Solar #12 de la Manzana "LM".**

> **---CASA: que constituye una vivienda independiente y sobre la cual existe una servidumbre por signo aparente establecida por la corporación vendedora en la pared que divide dicha estructura de la estructura enclavada en el Solar #13-B de la Manzana "LM" (pared medianera) cuya pared continuará sirviendo en toda su actual extensión y espesor al propietario de esta edificación y al propietario de la edificación colindante.**

> **---Inscrita al Folio 94 Vuelto del Tomo 449 de Monacillos, Registro de la Propiedad de Puerto Rico, Sección Tercera de San Juan, Finca 16,779.**

2. Defendants, as debtors under the said note and as present owners of the land and buildings hereinbefore referred to, is hereby ordered and adjudged to pay unto Plaintiff the sum of $124,455.74 of

CIVIL NO. 05-2158 (JP)          -3-

principal of the said mortgage note, plus interest at the rate of 8% per year, which at the date of November 15, 2006 the sum was $15,626.32, to its total and complete payment, plus costs, charges, disbursements and attorneys' fees, in the above cause, plus all expenses and advances made by Plaintiff.

3. In default of the payment of the sums herein before specified or of any part thereof, within the next ten days from the date of entry of this judgment, the mortgaged property described in paragraph one hereof, shall be sold at public auction to the highest bidder therefore, without an appraisal or right of redemption for the payment and satisfaction of Plaintiff's mortgage within the limits secured thereby.

4. U.S. MARSHAL is hereby designated and appointed to make the sale hereinbefore mentioned but said U.S. MARSHAL shall not proceed to carry out the said sale, nor do anything in connection therewith, until further order of this Court and under the form and conditions to be directed by the Court.

5. The sale to be made by the U.S. MARSHAL appointed herein shall be subject to the confirmation of this Court, and the purchaser or purchasers thereof shall be entitled to receive possession of the property sold.  The minimum bid to be accepted at the first public sale in accordance with the mortgage deed referred to in this auction is $128,976.00.

CIVIL NO. 05-2158 (JP)                -4-

        6. Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

        a.    To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the U.S. MARSHAL appointed herein, after said compensation and expenses shall have been fixed and approved by this Court, all said expenses to be deducted from the amount provided in the deed of mortgage for costs, charges and disbursements, expenses and attorneys' fees.

        b.    To the payment of all expenses and advances made by Plaintiff for an amount not to exceed $12,897.60.

        c.    To the payment of that part of the indebtedness owed to Plaintiff up to the amount of $124,455.74 of principal with interest which by November 15, 2006 the sum was $15,626.32 until the date of full payment at the rate of 8% per annum, plus costs, charges, disbursements, expenses and attorneys' fees due in the above cause after deduction of the expenses mentioned in the preceding subparagraph (a).

        d. If after making all the above payments there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court.

CIVIL NO. 05-2158 (JP)          -5-

7. Plaintiff in this proceeding may apply to this Court for such further orders as it may deem advisable to its interest, in accordance with the terms of this Judgment.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of December, 2006.

s/Jaime Pieras, Jr.
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE
